**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

RONALD HAMILTON,
ADC #133523                                                                                                  PLAINTIFF

V.                                            2:16CV00126-JLH-JTK

D. REED, et al.                                                                                             DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Ronald Hamilton is a state inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action against Defendants, seeking monetary and injunctive relief based on Defendants' failure to serve him the proper low protein diet on three occasions.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.     Facts and Analysis

In his Complaint, Plaintiff states he was prescribed a low protein renal diet on June 15, 2015. (Doc. No. 2, p. 3) In a grievance filed December 20, 2015, Plaintiff complained he was improperly served greens at dinner, which was not in accordance with his renal diet. (Id., pp. 37-39) The grievance was denied as without merit, noting that Defendant Timmons denied his allegation, stating she served corn and carrots, and not greens. (Id., p. 38) In a grievance filed January 10, 2016, he complained that Defendant Timmons improperly served him a turkey roll with noodles and greens. (Id., pp. 23-25) Denying his grievance as without merit, the response stated that the renal diet tray was prepared properly, without salt or greens. (Id., p. 25). And, in a grievance filed February 27, 2016, Plaintiff complained that he did not receive his lunch tray, and although the response disputed that fact, it also noted that Plaintiff received two trays for his dinner. (Id., pp. 34-36). Based on these three occurrences, Plaintiff claims he has been denied his renal diet and that Defendants have

"showed negligence" and "deliberate indifference" in this matter. (Id., p. 7)  Plaintiff asks for damages and for transfer to the medical unit at Malvern.

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  In order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to plaintiff's health and safety.  Farmer v. Brennan, 511 U.S. 825, 827 (1994). In addition, the deprivation of adequate food constitutes cruel and unusual punishment in violation of the Eight Amendment if it denies an inmate the "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

In Ware v. Arnold, this Court held that an inmate who alleged that on one occasion he received a meal with a hair in it, failed to state a claim upon which relief was granted, because he did not allege the denial of minimal civilized measures of life's necessities.  No. 3:10-cv-00070-DPM-JTK, 2010 WL 2867855 (E.D.Ark.).  In Wilkins v. Roper, the court held that an inmate's allegation that he was denied a food tray for one meal failed to state a claim.  843 F.Supp. 1327, 1328 (E.D.Mo. 1994).  Finally, in James v. Woody, the Court held that an inmate who complained about receiving sour milk with one meal failed to state a constitutional claim.  No. 7:02-CV-234-R, 2002 WL 32359944 (N.D.Tex.) See also Berry v. Brady, 192 F.3d 504, 506-08 (5th Cir.1999) (deprivation of food constitutes cruel and unusual punishment only if it denies prisoner minimal civilized measure of life's necessities, and whether deprivation falls below this threshold depends on amount and duration of deprivation; denying inmate eight meals over seven months because of

inmate's failure to shave did not deny inmate "anything close to a 'minimal measure of life's necessities'" (internal quotations and citation omitted)).

Based on this case law, the Court finds that Plaintiff's allegations against Defendants should be dismissed, for failure to state an Eighth Amendment claim for relief. Plaintiff's allegation that he was denied parts of his renal diet on three occasions does not support a finding that he was denied the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. at 347. He also does not allege he suffered any injury or adverse health consequences, and he does not allege any actions by Defendants which would show deliberate indifference to a need for health and safety.

## IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint against Defendants be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

2.    This dismissal constitute a "strike" within the meaning of the PLRA.[1]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 23rd day of September, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.